Gregory M. Saylin (Bar No. 185328)
FABIAN VANCOTT
215 South State Street, Suite 1200
Salt Lake City, UT 84111
Telephone: (801) 531-8900
Facsimile: (801) 596-2814
Email: gsaylin@fabianvancott.com

Attorney for SkyWest Airlines, Inc.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| **MARQUISE BREWER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SKYWEST AIRLINES, INC.,**<br><br>**Defendant.** | **Case No.: 1:16-cv-01056-LJO-SKO**<br><br>**STIPULATED PROTECTIVE ORDER** |

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information.  Special protection from public disclosure and use for any purposes other than prosecuting this litigation may be warranted.  The parties acknowledge that the Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items entitled to confidential treatment under applicable legal standards.  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, based upon the stipulation of the parties, and good cause appearing, it is hereby ORDERED as follows:

1.      For purposes of this Protective Order ("Order"):

1

a.  The term "Confidential Information" shall refer to (a) information relating to employee financial information and compensation, and (b) SkyWest's written policies and procedures.  There is a particularized need for information in each of these categories to be covered by the Order to protect its highly sensitive, confidential and private information, including financial information relating to third party individuals and policies and procedures created by SkyWest as a result of years in the industry.  Disclosure could create a substantial risk of harm to the parties and/or third parties that could not be avoided by less restrictive means.  Such Confidential Information may be designated as "CONFIDENTIAL" as set forth below.

b.  The term "Attorney's Eyes Only Confidential Information" shall refer to information (a) contained in SkyWest employee personnel files, and (b) relating to SkyWest's financial information, including without limitation, profit and loss information, invoices and details of costs and expenses, information about operations, financial strategy, financial business plans and company valuation.  There is a particularized need for information in this category to be covered by the Order to protect its highly sensitive and confidential information, including potentially personal information of third parties contained in personnel files and SkyWest's financial information that would provide a strategic advantage if placed in the hands of a competitor. Disclosure could create a substantial risk of harm to the parties and/or third parties that could not be avoided by less restrictive means.  Such Attorney's Eyes Only Confidential Information may be designated as "ATTORNEY'S EYES ONLY CONFIDENTIAL" as set forth below.

c.  As required by Civil Local Rule 141.1(c)(3), the parties submit that the above

protection should be addressed by court order, as opposed to a private agreement between or among the parties.  The nature of the claims involved in this action may require discovery into private information relating to third parties and competitively sensitive information.  A private agreement between the parties would be insufficient to alleviate the parties' concerns that such information remain confidential.  Good cause exists for the entry of the Order to prevent unauthorized disclosure and use of confidential, proprietary or private information during the litigation and after it has been concluded.  The Order will also facilitate timely production of material from both the parties and non-parties.  Given these concerns, the parties respectfully request the entry of this Order by the Court.

2.      Confidential Information and/or Attorney's Eyes Only Confidential Information may be found in testimony given at any deposition in this action and in documents and other materials produced in discovery, whether informally or in response to interrogatories, requests for admissions, requests for productions of documents, subpoena *duces tecum*, or other discovery requests served in this matter.

3.      Confidential Information and/or Attorney's Eyes Only Confidential Information shall be maintained in confidence in accordance with the provisions of this Protective Order, and may be used only for purposes of this proceeding.

4.      A producing party may designate information as CONFIDENTIAL by placing the following legend, or similar legend, on each page of the document or thing: "CONFIDENTIAL." All documents to be so designated shall be designated prior to the transmission of a copy to the other party (the "Receiving Party"), unless otherwise agreed in writing between the parties.  A party may designate as CONFIDENTIAL information contained in a document produced by another party or third party by notifying the other parties to this litigation in writing within thirty

1   (30) days of receipt of copies of the documents produced.

2        5.     A producing party may designate information as ATTORNEY'S EYES ONLY

3   CONFIDENTIAL by placing the following legend, or a similar legend, on each page of the

4   document or thing: "ATTORNEY'S EYES ONLY CONFIDENTIAL." All documents so

5   designated shall be designated prior to the transmission of a copy to the Receiving Party, unless

6   otherwise agreed in writing between the parties. A party may designate as ATTORNEY'S

7   EYES ONLY CONFIDENTIAL information contained in a document produced by another party

8   or third party by notifying the other parties to this litigation in writing within thirty (30) days of

9   receipt of copies of the documents produced.

10        6.     Deposition transcripts and exhibits thereto may be designated CONFIDENTIAL

11   and/or ATTORNEY'S EYES ONLY CONFIDENTIAL either (i) by written notice to the

12   reporter and all counsel of record before the testimony is recorded, (ii) at the deposition on the

13   record, or (iii) by written notice to the reporter and all counsel of record within ten (10) days

14   after the deposition transcript is received, in which case all counsel receiving such notice shall be

15   responsible for appropriately marking the copies of the transcripts in their possession or under

16   their control as directed by the designating party. The parties agree that all deposition transcripts

17   shall be treated as CONFIDENTIAL until the time for such designation has expired, unless

18   agreed to otherwise in writing at the conclusion of the deposition. If a party provides notice of

19   confidentiality to the reporter and all counsel of record before testimony is recorded, the party

20   claiming the confidentiality shall have the right to have all persons, except those designated in

21   paragraphs 8 or 10 below, depending on the designated level of confidentiality, excluded from a

22   deposition before taking the deposition testimony.

23        7.     Materials produced pursuant to subpoenas *duces tecum* may be designated as

24   CONFIDENTIAL and/or ATTORNEY'S EYES ONLY CONFIDENTIAL either (i) before the

25   materials are reproduced by labeling the Confidential Information and/or Attorney's Eyes Only

26

27

Confidential Information as described above or (ii) by written notice to all counsel of record within ten (10) days after the copies of the reproduced materials are received by any party or its counsel, in which case all counsel receiving such notice shall be responsible for appropriately marking the copies of the Confidential Information and/or Attorney's Eyes Only Confidential Information in their possession or under their control as directed by the designating party.

      8.     Materials designated CONFIDENTIAL may only be disclosed to:

      a.  The Court and its personnel;

      b.  The parties;

      c.  Counsel for the parties and personnel or agents, such as paralegals, photocopying services, in-house counsel and staff, and court reporters who are actually involved in assisting counsel in the prosecution or defense of this action, provided however, that such non-counsel personnel have access to Confidential Information only to the extent necessary to perform their duties as determined by the representative counsel;

      d.  Court reporters involved in transcribing depositions and other proceedings in this litigation, and videographers involved in recording depositions, provided that such persons are provided Confidential Information only to the extent necessary to perform their duties;

      e.  Experts whose technical advice and consultations are being used in connection with the present litigation, together with their secretarial and clerical personnel, provided, however, that such secretarial and clerical personnel have access to Confidential Information only to the extent necessary to perform their duties; and

      f.  Other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply

5

1    by the producing party or parties.

2    9.    Confidential Information may be disclosed to any person described in subsections

3    8(e) and (f) only after such person has been advised of this Order, and has acknowledged and

4    agreed to be bound by the terms hereof by executing a certification in the form attached hereto as

5    **Exhibit A**.

6    10.    Materials designated ATTORNEY'S EYES ONLY CONFIDENTIAL may only

7    be disclosed to:

8    a.    The Court and its personnel;

9    b.    Counsel for the parties and personnel or agents, such as paralegals,

10        photocopying services, in-house counsel and staff, and court reporters who are

11        actually involved in assisting counsel in the prosecution or defense of this

12        action, provided however, that such non-counsel personnel have access to

13        Attorney's Eyes Only Confidential Information only to the extent necessary to

14        perform their duties as set determined by the representative counsel;

15    c.    Court reporters involved in transcribing depositions and other proceedings in

16        this litigation, and videographers involved in recording depositions, provided

17        that such persons are provided Attorney's Eyes Only Confidential Information

18        only to the extent necessary to perform their duties;

19    d.    Experts whose technical advice and consultations are being used in connection

20        with the present litigation, together with their secretarial and clerical

21        personnel, provided, however, that such secretarial and clerical personnel have

22        access to Attorney's Eyes Only Confidential Information only to the extent

23        necessary to perform their duties; and

24    e.    Potential and actual deposition and/or trial witnesses in this case, but only to

25        the extent the Attorney's Eyes Only Confidential Information is relevant to

26

27

1       such witnesses' testimony.

2       11.     Attorney's Eyes Only Confidential Information may be disclosed to any person

3   described in subsections 10(d) and (e) only after such person has been advised of this Order, and

4   has acknowledged and agreed to be bound by the terms hereof by executing a certification in the

5   form attached hereto as **Exhibit A**.

6       12.     Notwithstanding the above, the confidentiality provisions of this Order shall not

7   apply to Confidential Information and/or Attorney's Eyes Only Confidential Information that is:

8   (i) generally available to the public other than as a result of violation of this Order, or (ii)

9   available on a non-confidential basis from a source other than the producing party or a party that

10  obtained such information pursuant to this Order.

11      13.     If at any time prior to trial of this action, a party realizes that material previously

12  produced should be designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY

13  CONFIDENTIAL, the party may so designate by apprising all of the parties or their counsel in

14  writing ("Late-designated Material"), in which case all counsel receiving such notice shall be

15  responsible for appropriately marking the copies of the Late-designated Material in their

16  possession or under their control as directed by the designating party.  Such Late-designated

17  Material will thereafter be treated as Confidential Information or Attorney's Eyes Only

18  Confidential Information under the terms of this Order.  It shall be understood, however, that no

19  person or counsel shall incur any liability hereunder with respect to disclosure that occurred prior

20  to receipt of written notice of Late-designated Material.

21      14.     Any party intending to submit information designated as CONFIDENTIAL or

22  ATTORNEY'S EYES ONLY CONFIDENTIAL with the Court in any form shall file the

23  information as private, and in doing so, shall take care such that only that portion of the filing

24  that contains the Confidential Information and/or Attorney's Eyes Only Confidential Information

25  is filed as private.

26

27
                                    7

15.     Nothing in this Order shall be construed to prevent a party to this action from opposing the designation of materials as CONFIDENTIAL or ATTORNEY'S EYES ONLY CONFIDENTIAL.  A party seeking to object to the designation of materials as CONFIDENTIAL or ATTORNEY'S EYES ONLY CONFIDENTIAL shall promptly notify the other parties in writing.  The parties will confer in good faith regarding any dispute over such designations prior to seeking assistance from the Court.  If the parties are unable to resolve their dispute, the party designating the materials as CONFIDENTIAL or ATTORNEY'S EYES ONLY CONFIDENTIAL (or any other party seeking to maintain the designation) shall, within twenty (20) days after receiving the objecting party's written objection, move the Court for a protective order showing that designation is proper.

16.     Nothing in this Order shall be deemed to preclude any party from seeking additional protection with respect to the confidentiality of documents or other discovery materials, as that party may consider appropriate, including the redaction of personal information.  A party seeking additional protection shall promptly notify the other parties in writing.  The parties will confer in good faith regarding any dispute over such designations prior to seeking assistance from the Court.  If the parties are unable to resolve their dispute, the party requesting additional protection shall have the burden of requesting additional protection from the Court.

17.     If any person or entity requests or demands, by subpoena, document request or otherwise, any Confidential Information and/or Attorney's Eyes Only Confidential Information from any party, the party receiving the request will immediately notify the party that designated the document, and shall make reasonable efforts to cooperate with the party in opposing or limiting disclosure, including without limitation permitting the designating party the opportunity to protect its interest by motion or otherwise in the appropriate forum.

18.     Nothing in this Order shall be construed as requiring disclosure of privileged

materials, materials subject to protection under the attorney work product doctrine or any other evidentiary privilege or protection, or materials that are otherwise beyond the scope of permissible discovery.

19.     Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility of any evidentiary materials at trial.

20.     Within ninety (90) days after the termination of this litigation, all originals and copies of documents designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY CONFIDENTIAL shall be either: (i) returned to the respective party or non-party originally producing the documents or (ii) destroyed.  Certification of such destruction shall be furnished to the party that designated the documents as confidential within 30 days of request.  However, counsel for the parties may retain a file copy of correspondence, filings, and other related material, which shall remain subject to the applicable confidentiality protections of this Order.

21.     This Order shall remain in effect after the final determination of this action.  The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for contempt hereof.

Approved as to form:


*/s/ Lenden Webb (with permission)*
Lenden Webb
*Attorney for Plaintiff Marquise Brewer*


*/s/ Gregory M. Saylin*
Gregory M. Saylin
*Attorney for Defendant SkyWest Airlines, Inc.*

IT IS SO ORDERED.

Dated:   **January 25, 2017**            **/s/ *Sheila K. Oberto***
                                    UNITED STATES MAGISTRATE JUDGE

9

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| **MARQUISE BREWER,** | **Case No.: 1:16-cv-01056-LJO-SKO** |
| **Plaintiff,** | **ACKNOWLEDGMENT AND AGREEMENT** |
| **v.** | |
| **SKYWEST AIRLINES, INC.,** | |
| **Defendant.** | |

I, _____, state that:

1.     My address is _____.

2.     My present employer is _____.

3.     My present occupation or job description is _____.

4.     I received a copy of the Protective Order (the "Order") entered in the above-captioned action on _____.

5.     I have carefully read and understand the provisions of the Order.

6.     I will comply with all of the provisions of the Order applicable to me.

7.     I will hold in confidence, will not disclose to anyone not qualified under the Order, and will only use for purposes of this action, any information disclosed to me that is marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY CONFIDENTIAL" ("Confidential Material").

10

8.      I will return all Confidential Material that comes into my possession to the counsel for the party by whom I am employed or retained, or, if I have not been employed or retained, to counsel from whom I received the Confidential Material.

9.      I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Order in this action.

_____
Sign Name

_____
Print Name

_____
Date

11